BOLÍVAR *v.* ALDREY, JUEZ DE DISTRITO.

SOLICITUD para que se expida mandamiento de *Certiorari.*

No. 25.—Resuelto en abril 29, 1907.

ASEGURAMIENTO DE SENTENCIA—TIEMPO EN QUE PUEDE SOLICITARSE.—La solicitud en que se interese el aseguramiento de sentencia puede presentarse con la demanda, ó luego de interpuesta, en cualquier período del juicio antes de dictarse sentencia final. El aseguramiento no puede decretarse, ni puede modificarse el ya decretado, una vez dictada sentencia definitiva.

ID.—SENTENCIA FINAL—SENTENCIA FIRME.—El calificativo de *final*, que con respecto á la sentencia emplea, en su texto inglés, la sección 1 de la Ley de marzo 12, 1903, para enmendar la de marzo 1, 1902, sobre aseguramiento de sentencia, no es equivalente al de *firme*, que se usa en el texto español de dicha sección, *pues sentencia firme* es aquella contra la que no cabe recurso de apelación, mientras que contra la sentencia final procede dicho recurso en los casos establecidos por la ley.

ID.—Las disposiciones de la Ley de marzo 8, 1905, para enmendar el artículo 22 del Código de Enjuiciamiento Civil, ya se consideren en su texto literal, ya se tenga en cuenta el fin que las inspirara, no pueden interpretarse en el sentido de modificar los preceptos contenidos en la sección 1 de la Ley de marzo 12, 1903, antes citada.

ID.—CERTIORARI.—El recurso de *certiorari* procede para obtener la nulidad de procedimientos sobre aseguramiento de sentencia, cuando éstos no están ajustados á derecho.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Texidor.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ emitió la opinion del tribunal.

En 18 de febrero último, Don Gorgonio de Bolívar, por medio del Letrado Don Jacinto Texidor, acudió á esta Corte Suprema en demanda de auto de *certiorari,* que había de dirigirse al juez de la Sección 1ª. de la Corte de Distrito de San Juan para que remitiera copia certificada de todos los autos y diligencias decretadas ó realizadas con motivo del aseguramiento de sentencia en el pleito seguido ante la misma corte de distrito por sucesión de Eudaldo J. Iglesias contra Gorgonio de Bolívar sobre cobro de pesos por arrendamientos, procediendo este tribunal, después de recibida tal certificación, á revisar lo actuado y á dictar la resolución procedente en derecho, que es la de declarar sin efecto ú ordenar que se declare sin efecto por la corte de San Juan, la orden que dictó en 10 de julio del año próximo pasado, en cuanto al embargo de un crédito hipotecario perteneciente á Don Gorgonio de Bolívar.

Librado el auto de *certiorari* solicitado, fué elevada á esta corte copia certificada de las actuaciones relativas al aseguramiento de sentencia en el pleito ya mencionado, y de dichas actuaciones aparece:

1º. Que por resolución de primero de marzo de 1905 la Corte de Distrito de San Juan, á instancia de la Sucesión de Eudaldo J. Iglesias, decretó el aseguramiento de la sentencia que recayera en el pleito iniciado por aquella Sucesión contra Gorgonio de Bolívar sobre cobro de arrendamiento, ordenando al efecto se embargaran bienes de la propiedad del demandado por valor de cinco mil pesos.

2º. Que en cumplimiento de la resolución expresada, el marshal de la Corte de Distrito de San Juan trabó embargo en una finca urbana de la propiedad de Bolívar hasta la suma de dos mil dollars, en otra finca rústica del mismo Bolívar hasta la cantidad de quinientos dollars, y en un crédito hipotecario de veinte mil pesos provinciales, que por escritura pública de 18 de agosto de 1897, había constituído Don Jaime Vila Canales á favor de Don Gorgonio de Bolívar, limitándose el embargo de ese crédito á la cantidad de mil quinientos

dollars; habiéndose embargado, además, los alquileres de tres casas del demandado.

3º. Que Don Gorgonio de Bolívar solicitó de la corte de San Juan dejara sin efecto la orden de embargo, y dicha corte, por resolución de 29 de mayo de 1905, la confirmó, pero disponiendo se alzara inmediatamente el embargo hecho en los alquileres de las casas del demandado, y se trabara en su lugar sobre otros bienes del mismo por la cantidad que quedaba pendiente de asegurar.

4º. Que recaída sentencia en el juicio en sentido condenatorio contra Bolívar, interpuso éste recurso de apelación, y pendiente tal recurso de resolución ante esta Corte Suprema, la representación de la Sucesión de Eudaldo J. Iglesias presentó moción al juez de la Sección 1ª. de la Corte de Distrito de San Juan en 18 de junio de 1906, para que dictara una orden en su despacho, modificando el aseguramiento de la sentencia, á cuya moción recayó providencia en 10 de julio siguiente, disponiendo que el crédito hipotecario constituído en escritura pública de 18 de agosto de 1897 por Jaime Vila á favor de Gorgonio de Bolívar respondiera de todas las cantidades principales reclamadas en el juicio, que se trabara embargo complementario por intereses caídos y por caer y costas devengadas y por devengar sobre otros bienes libres del deudor, y que se alzaran por el marshal los embargos anteriores.

5º. Que esa resolución de 10 de julio de 1906 fué impugnada por Gorgonio de Bolívar, bajo el fundamento de que el juez de distrito de San Juan carecía de jurisdicción para dictarla, habiendo dicho juez desestimado la impugnación en resolución de veinte y seis del propio julio, por entender que las medidas provisionales sobre aseguramiento de sentencia no eran objeto de la sentencia dictada en el pleito, sin que, por tanto, estuvieran sujetas á la decisión de esta Corte Suprema.

Expuestos como quedan los procedimientos seguidos por la Corte de Distrito de San Juan, con motivo del aseguramiento de la sentencia en el pleito de *Sucesión de Eudaldo*

*Iglesias* contra *Gorgonio de Bolívar,* tócanos ahora examinar si están de acuerdo con las prescripciones de la ley aplicable al caso.

La ley para asegurar la efectividad de sentencias, aprobada en primero de marzo de 1902, establece en su sección 3ª. que ningún aseguramiento de sentencia podrá decretarse sin la presentación de la correspondiente demanda, de lo cual se deduce que desde la iniciación del pleito puede solicitarse y decretarse el aseguramiento de sentencia; y aunque la citada ley no fija expresamente el tiempo durante el cual puede pedirse, después de presentada la demanda el aseguramiento de sentencia, como en su sección 14ª. ordena que toda resolución del tribunal sobre las pretensiones que por cualquiera de las partes se dedujeren en el curso del juicio con relación al aseguramiento de sentencia, será ejecutoria, desde luego, pudiendo consignarse por la parte agraviada la oportuna protesta, á los efectos del recurso que la Ley de Procedimientos les concede contra la sentencia definitiva, lógico es deducir que después de interpuesto dicho recurso, como ha sucedido en el caso de autos, no cabe pedir y decretar el aseguramiento de sentencia ó la modificación del aseguramiento ya decretado. Si se admitiera que la corte inferior, después de apelada una sentencia y mientras la apelación está pendiente dictara medidas relativas á su aseguramiento, sería ociosa la protesta que se consignara sobre esas medidas á los efectos de un recurso anteriormente interpuesto.

La ley de la Asamblea Legislativa aprobada en 12 de marzo de 1903, bajo el rubro "Ley para enmendar la ley titulada "Ley sobre efectividad de sentencias, aprobada en marzo 1º. de 1902," vino á desvanecer toda duda que pudiera ocurrir sobre el tiempo hábil para pedir el aseguramiento de sentencia, pues su sección 1ª. dispone en términos claros y precisos que la solicitud de aseguramiento podrá presentarse con la demanda ó luego de interpuesta, en cualquier período del juicio antes de sentencia final; y usamos ese calificativo de *final* y no el de *firme* que se emplea en el texto español de la

ley, porque aquél es el que verdaderamente corresponde á la traducción correcta del texto Inglés. · Los conceptos de sentencia firme y de sentencia final son enteramente distintos en el lenguaje jurídico, pues contra la sentencia firme no cabe recurso de apelación, mientras que contra la sentencia final procede dicho recurso en los casos establecidos por la ley. Según el artículo 188 del Código de Enjuiciamiento Civil, en su texto inglés, un juicio ó sentencia es la final decisión de los derechos de las partes en un pleito ó procedimiento, y según el artículo 295 puede establecerse apelación de una corte de distrito para ante la Corte Suprema de un juicio ó sentencia *final* en un pleito ó procedimiento especial comenzado en la corte que la hubiere dictado. En ninguno de dichos artículos puede traducirse la palabra *final* inglesa como equivalente á la de *firme* en español, y de hecho no se ha dado á aquélla semejante sentido. No vemos la razón porque en la traducción de la ley ya citada de 12 de marzo de 1903, se ha traducido el concepto inglés *before final judgment* por el *antes de sentencia firme.* Se cometió en ello un lamentable error.

Hay otra ley posterior, ó sea la de 8 de marzo de 1905, titulada "Ley para enmendar el artículo 22 del Código de Procedimiento Civil," la que concede á los jueces de distrito facultad para dictar en sus despachos resoluciones afectantes al procedimiento ó encaminadas á asegurar la efectividad de las sentencias que se soliciten antes de contestar la demanda ó después de contestada, y también en el período de ejecución de sentencia; pero esa ley, ya se considere en su texto literal, ya se tenga en cuenta el fin que la inspiró, no ha alterado el precepto que contiene la Sección 1ª. de la Ley de 12 de marzo de 1903.

Por las razones expuestas, entendemos que la Corte de Distrito de San Juan infringió las leyes de primero de marzo de 1902 y de 10 de marzo de 1903, de que dejamos hecho mérito al dictar la resolución de 10 de julio de 1906, modificando el aseguramiento de sentencia anteriormente ordenado, cuando ya carecía de jurisdicción para ello, por haber dictado sen-

tencia final en el pleito, la que había sido apelada; y procede en su virtud se declare la nulidad de los procedimientos seguidos por dicha corte desde que la representación de la Sucesión de Eudaldo J. Iglesias presentó su moción de 18 de junio de 1906, encaminada á obtener aquella resolución.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Figueras, MacLeary y Wolf.