Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JAIME L. VALENTÍN MEJÍAS<br><br>Apelante<br><br>v.<br><br>QUALITY CONSULTING GROUP LLC<br><br>Apelados | KLAN202400878 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil núm.: MZ2024CV00603<br><br>Sobre: Reclamación Laboral (Procedimiento Sumario) |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de octubre de 2024.

Comparece ante este tribunal apelativo, el Sr. Jaime L. Valentín Mejías (el señor Valentín Mejías o el apelante) mediante el *Recurso de Apelación* de epígrafe solicitándonos que revoquemos la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), el 16 de septiembre de 2024, archivada en autos el 19 del mismo mes y año. En el dictamen, el foro apelado declaró *Ha Lugar* el petitorio desestimatorio presentado por Quality Consulting Group, LLC y; en consecuencia, desestimó la querella con perjuicio.

Por los fundamentos que expondremos a continuación, procedemos a confirmar el dictamen apelado.

**I.**

Conforme surge del presente recurso, el 1 de noviembre del 2021, el señor Valentín Mejías instó una *Querella* contra su patrono, Quality Consulting Group, LLC. (Quality Consulting o el apelado) a la cual le fue asignado el alfanumérico MZ2021CV01435. Dicha

reclamación laboral se presentó bajo el procedimiento sumario dispuesto en la Ley núm. 2 de 17 de octubre de 1961, según enmendada, intitulada *Ley de procedimiento sumario de reclamaciones laborales* (Ley núm. 2), 32 LPRA sec. 3118-3132. Entre sus alegaciones señaló que, para la primera semana de **diciembre de 2020,** sufrió un ataque de epilepsia en el lugar de trabajo y que se comunicó en varias ocasiones para reportarse a trabajar, lo cual no le fue permitido.[1]

Luego de varios trámites procesales, que no son necesarios consignar, el 13 de marzo de 2023, el TPI emitió una *Sentencia* al amparo de la Regla 39.2(b) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(b), desestimando sin perjuicio la causa de acción presentada por el señor Valentín Mejías. El foro de primera instancia razonó que "... la parte demandante expresa que mantiene interés en el caso, pero no presenta causa justificada para la dilación. No es justa causa para la inactividad que la parte demandante se cruce de brazos y no demuestre interés en el caso. Entendemos que no se nos acreditó causa justificada para la dilación."[2] El dictamen fue archivado en autos el **14 de marzo de 2023**.

El **15 de abril de 2024**, el apelante presentó nuevamente su reclamación ante el mismo foro. Esta vez, se le asignó el alfanumérico MZ2024CV00603. El **16 de julio de 2024**, el apelado presentó su *Contestación a la demanda* y una *Moción de desestimación por las alegaciones por estar prescrita la reclamación traída.*[3] En esta, Quality Consulting sostuvo que el señor Valentín Mejías tenía hasta el 14 de marzo de 2024 para volver a presentar su querella. Agregó que "No lo hizo en término, por tanto, la

---

[1] SUMAC Entrada núm. 1 alegaciones 14 y 15.
[2] SUMAC Entrada núm. 31.
[3] Véase el Apéndice del recurso, a las págs. 5-21 y 22-30 respectivamente.

Sentencia notificada el 14 de marzo de 2023 es final y firme. Por consiguiente, el presente caso se encuentra prescrito."[4]

El 13 de septiembre de 2024, notificada el 19 de septiembre siguiente, el TPI dictó una *Orden* en la cual determinó lo siguiente:[5]

> HABIENDO TRANSCURRIDO EL TÉRMINO PARA PRESENTAR SU OPOSICIÓN TANTO A LA MOCIÓN DE DESESTIMACIÓN, ASÍ COMO A LA PRESENTE MOCIÓN PRESENTADA POR LA PARTE QUERELLADA, SIN QUE LA PARTE QUERELLANTE HAYA COMPARECIDO, ESTE TRIBUNAL DETERMINA LO SIGUIENTE: SE DA POR SOMETIDA SIN OPOSICIÓN LA MOCIÓN DE DESESTIMACIÓN POR LAS ALEGACIONES POR PRESCRIPCIÓN.

El **16 de septiembre de 2024**, el foro apelado emitió la *Sentencia* impugnada en la cual declaró *Ha Lugar* el petitorio desestimatorio presentado por Quality Consulting y; en consecuencia, desestimó la querella con perjuicio. A su vez, decretó lo siguiente:[6]

> [...] El caso Civil Núm. MZ2021CV01435 fue desestimado por este Tribunal por inacción del querellante. La Sentencia **sin perjuicio** de dicho caso fue dictada el 13 de marzo de 2023 y notificada el 14 de marzo de 2023. No hay duda de que dicho caso interrumpió el término prescriptivo de (1) año de las reclamaciones comprendidas en la querella. Una vez interrumpido, **el término de (1) un año que tenía la parte querellante para volver a presentar su querella comenzó a decursar desde el 14 de marzo de 2023**. El Sr. Valentín tenía un (1) año desde emitida dicha sentencia para volver a radicar el caso nuevamente. Es decir, **tenía hasta el 14 de marzo de 2024 para volver a presentar su querella.** El querellante presentó su reclamación nuevamente el 15 de abril de 2024**, un mes y varios días tarde.** Debido a lo anterior, no cabe duda de que el presente caso se encuentra prescrito. [Énfasis en el original y nuestro]

El dictamen fue archivado en autos el **19 de septiembre de 2023**. Ese mismo día, el apelante presentó su oposición al petitorio desestimatorio y el 3 de octubre siguiente, el TPI dictó una *Orden* en la cual expresó a la referida oposición *ACADÉMICA Y TARDÍA*.[7]

Inconforme, el señor Valentín Mejías acude ante este foro intermedio mediante el recurso de *Apelación* de epígrafe

---

[4] Véase el Apéndice del Recurso, a la pág. 23.
[5] Véase, SUMAC, a la Entrada núm. 12.
[6] Véase, Apéndice del Recurso, a la pág. 37.
[7] Véase, SUMAC, a la Entrada núm. 17.

imputándole al foro primario el 30 de septiembre de 2024 haber incurrido en el siguiente error:

> PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL DICTAR SENTENCIA DESESTIMANDO DE PLANO LA QUERELLA, ACOGIENDO LA DEFENSA DE PRESCRIPCIÓN LEVANTADA POR EL PATRONO QUERELLADO.

El 1 de octubre de 2024 dictamos una *Resolución* concediendo a la parte apelada el término de treinta (30) días para expresarse. El 10 de octubre siguiente, la parte apelada instó su oposición al recurso. Así, nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.

Analizados las comparecencias de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**La prescripción**

Las acciones prescriben por el mero lapso del tiempo fijado por ley. Artículo 1189 del Código Civil de 2020, 31 LPRA sec. 9481. La prescripción es una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo. *Íd.* Además, es una figura que extingue un derecho debido a que una parte no lo ejerce en un período de tiempo determinado por ley. *Rivera Ruiz et al. v. Mun. de Ponce et al.*, 196 DPR 410, 415 (2016); *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 372-373 (2012).

En nuestro ordenamiento, a diferencia de otros, la prescripción extintiva es una figura de derecho sustantivo y está regulada por las disposiciones del Código Civil. *Rivera Ruiz et al. v. Mun. de Ponce et al.*, supra. A través de la prescripción, nuestro ordenamiento promueve que las reclamaciones se insten de manera oportuna y que las personas ejerciten sus causas de acción

diligentemente. *Maldonado Rivera v. Suárez y otros*, 195 DPR 182, 192 (2016).

Como corolario de lo anterior, nuestro ordenamiento jurídico permite la interrupción de los términos prescriptivos conforme a los elementos dispuestos en el Artículo 1197 del Código Civil, *supra*, 31 LPRA sec. 9489. El efecto de los mecanismos de interrupción es que el plazo de prescripción debe volver a computarse por entero desde el momento en que se produce el acto que interrumpe. *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 568 (2001).

En lo aquí pertinente, la prescripción de las acciones se interrumpe mediante la presentación de la demanda judicial. Artículo 1197, *supra*, inciso (a), 31 LPRA sec. 9489. En estos casos el tiempo de la prescripción comienza a contarse desde que la **sentencia adviene firme**. Artículo 1191, *supra*, inciso (b), 31 LPRA sec. 9483.

Sobre lo anterior, en *Durán Cepeda v. Morales Lebrón*, 112 DPR 623, 630 (1982) el Tribunal Supremo había decretado que la "demanda interpuesta ante un foro sin jurisdicción o competencia interrumpe el plazo prescriptivo desde su presentación y **causa que comience un nuevo término al emitir sentencia final y firme el primer foro**." (Énfasis nuestro)

Agregamos, además, que nuestro más alto foro ha expresado que:

> Una sentencia "final y firme" es aquella contra la cual no cabe recurso de apelación debido a que transcurrió el referido término para solicitar apelación, o por razón de que, presentado el recurso de apelación, el tribunal apelativo la confirmó y los términos de reconsideración ya transcurrieron, o por ambas. *Suárez v. E.L.A.*, 162 DPR 43, 62 (2004) citando a *Bolívar v. Aldrey, Juez de Distrito*, 12 DPR 273 (1907).

Por otro lado, el Artículo 1814 del Código Civil de 2020, 31 LPRA sec. 11719, establece la siguiente directriz:

> Los términos prescriptivos, de caducidad o de usucapión que estén transcurriendo en el momento en que este Código entre en vigor, tienen la duración

> dispuesta en la legislación anterior; pero si el término queda interrumpido después de la entrada en vigor de este Código, su duración será la determinada en este.

**La Ley núm. 2 y su impacto en la Ley núm. 4-2017**

Como es sabido, mediante la Ley núm. 2 se instituye un procedimiento de adjudicación en pleitos laborales dirigido a la rápida consideración y adjudicación de aquellas reclamaciones de obreros y empleados contra sus patronos. Sección 1, Ley núm. 2 *supra*, 32 LPRA sec. 3118; *Lucero v. San Juan Star*, 159 DPR 494 (2003); *Ruiz v. Col. San Agustín,* 152 DPR 226 (2000); *Rodríguez v. Syntex P.R., Inc.*, 148 DPR 604 (1999).

El historial legislativo de la Ley núm. 2 destaca enfáticamente la política pública a favor de la tramitación sumaria de los procesos judiciales en los que han de ventilarse las reclamaciones laborales, y establece que el propósito de esta medida **es propiciar la celeridad en la solución de estos pleitos** para que sea lo menos oneroso. De ese modo, se garantiza al obrero la vindicación pronta de sus derechos y se protege su modo de subsistencia. *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483 (1999).

De otra parte, la Legislación laboral en Puerto Rico está revestida de un alto interés público. La Ley núm. 4-2017 conocida como la *Ley de Transformación y Flexibilidad Laboral,* 29 LPRA sec. 121, *et seq.*, enmendó la Ley núm. 80 de 30 de mayo de 1976, 29 LPRA 185a, y siguientes. Los empleados contratados antes de que las enmiendas entraran en vigor continuaron disfrutando los mismos beneficios y derechos que tenían previamente. No obstante, sujeto a lo dispuesto expresamente en sus secciones. Así, lo estableció el legislador en el Artículo 1.2 de la Ley núm. 4-2017, *supra*, 29 LPRA sec. 121a, y citamos:

> Los empleados contratados con anterioridad a la vigencia de esta Ley continuarán disfrutando los mismos derechos y beneficios que tenían previamente, según lo dispuesto expresamente en las secciones de ésta.

Relacionado a lo anterior, y en lo aquí concerniente, el Artículo 9 de la derogada Ley núm. 80, *supra*, establecía el término prescriptivo de tres (3) años para presentar una reclamación por despido injustificado. Dicha disposición disponía expresamente que:

> Los derechos que conceden las secs. 185a a 185m de este título prescribirán por el transcurso de tres (3) años **a partir de la fecha efectiva del despido** mismo. [Énfasis nuestro]

No obstante, precisa advertir que el Artículo 4.13 de la Ley núm. 4-2017, *supra*, enmendó dicha norma y redujo el término a un año, a partir de la fecha efectiva del despido mismo. A estos efectos, la disposición enmendada establece que:

> Los derechos que conceden las secs. 185a a 185n de este título **prescribirán por el transcurso de un (1) año a partir de la fecha efectiva del despido** mismo. Las reclamaciones por despidos realizados **previo a la fecha de vigencia** de la "Ley de Transformación y Flexibilidad Laboral", **quedarán sujetas al término de prescripción previamente** en vigor. 29 LPRA sec. 185l. [Énfasis nuestro]

Es decir, que el término prescriptivo de un (1) año aplica a las reclamaciones **de despidos posteriores a la aprobación** de la vigencia de la referida ley, es decir, a partir del 26 de enero de 2017.

De otra parte, destacamos que la Sección 10 de la Ley núm. 2, 32 LPRA sec. 3127, establece claramente:

> Cualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá **interponer recurso de apelación ante el Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia.**
>
> La parte que se considere perjudicada por la sentencia que emita el Tribunal de Apelaciones, podrá acudir mediante auto de Certiorari al Tribunal Supremo de Puerto Rico, en el término jurisdiccional de veinte (20) días, contados a partir de la notificación de la sentencia o resolución del Tribunal de Apelaciones. (Énfasis nuestro)

Por último, la Regla 46 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V. R. 46, dispone que, "[l]a sentencia no surtirá efecto hasta archivarse en autos copia de su notificación a todas las partes

y el término para apelar empezará a transcurrir a partir de la fecha de dicho archivo."

**III.**

En esencia, el apelante señaló que el foro primario erró al determinar que la segunda querella estaba prescrita. Adujo que, la sentencia desestimatoria dictada en el caso MZ2021CV00145, fue notificada el 14 de marzo de 2023 y advino final y firme el 14 de abril siguiente, por lo que el término prescriptivo vencía el 14 de abril de 2024. Señaló que, por ser el día 14 domingo, el apelante tenía hasta el 15 para presentar la segunda querella. Conforme al derecho antes consignado, forzoso es concluir que no le asiste la razón.

Como cuestión de umbral, señalamos que al apelante le es aplicable el término prescriptivo de un (1) año dispuesto en la Ley núm. 4-2017, ya que según surge de sus alegaciones este fue "despedido" en diciembre de 2020. Es decir, ya vigente el referido estatuto.

En cuanto al recurso presentado, el señor Valentín Mejías correctamente indica que, la primera querella fue desestimada sin perjuicio, y la sentencia fue notificada y archivada en autos el 14 de marzo de 2023. Conforme dispone la Sección 10 de Ley núm. 2, antes citada, el término jurisdiccional para interponer el recurso de apelación ante esta *Curia* es de diez (10) días. Por tanto, la Sentencia advino final y firme el **24 de marzo de 2023** y no el 14 de abril de 2023, como este aduce. En consecuencia, el término de un (1) año para presentar la segunda querella **venció el 24 de marzo de 2024** y no el 15 de abril de 2024. La querella de epígrafe fue presentada ante el TPI el 15 de abril de 2024, es decir veintidós (22) días después de vencido el término prescriptivo.

En conclusión, el TPI no erró al declarar con lugar la moción de desestimación presentada por Quality Consulting y; en consecuencia, decretar prescrita la querella instada. Precisa

puntualizar que, el término de diez (10) días, dispuesto por la Ley núm. 2 para instar un recurso apelativo es jurisdiccional. Es norma reiterada que un término de naturaleza jurisdiccional es de carácter fatal y "..., improrrogable e insubsanable, rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse". *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). Por lo que, el entender que la Sentencia dictada en el caso MZ2021CV00145, advino final y firme a los treinta (30) días luego de su notificación, resulta ser un raciocinio contrario a derecho.

En virtud de lo antedicho, precisa destacar que, aunque el foro apelado concluyó erróneamente que el término prescriptivo comenzó a decursar desde la fecha de su notificación y archivo en autos de la sentencia anterior del caso MZ2021CV00145, es decir, desde el 14 de marzo de 2023, la función revisora de este foro intermedio es sobre el dictamen final y no sobre sus fundamentos. El Tribunal Supremo se ha pronunciado a los efectos de que "[t]oda revisión se da contra el dictamen y no sus fundamentos". *Vega v. Alicea*, 145 DPR 236, 244(1998).

En fin, el error imputado no fue cometido.

**IV.**

Por los fundamentos antes expuestos, aunque por un fundamento distinto, procedemos a confirmar el dictamen apelado.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones