Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| VÍCTOR LYONS VILLANUEVA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | TA2025RA00397 | REVISION JUDICIAL procedente de la División de Remedios Administrativos, Departamento de Corrección y Rehabilitación<br><br>Caso núm.: B-1493-25 |
| --- | --- | --- |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de enero de 2026.

Comparece ante este tribunal apelativo, el Sr. Víctor Lyons Villanueva (señor Lyons Villanueva o parte recurrente), por derecho propio, mediante el recurso de revisión judicial de epígrafe solicitándonos que revoquemos la *Respuesta del Área Concernida/Superintendente* emitida el 23 de octubre de 2025 por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (División o parte recurrida), notificada el 28 de octubre siguiente. Mediante este dictamen, la agencia explicó que el delito de conducta sexual se encontraba excluido del privilegio de libertad bajo palabra. Así también, le aclaró al recurrente que, conforme con el ordenamiento legal, la sentencia por el delito excluido se computa, en primer lugar, con relación a la extinción de la pena y; luego los delitos restantes, con el mínimo a cumplirse, comenzando al finalizar la condena excluida.

Por los fundamentos que expondremos a continuación, procede confirmar el dictamen recurrido.

**I.**

El 28 de marzo de 2025, el Departamento de Corrección y Rehabilitación (DCR) emitió la *Hoja de Control sobre Liquidación de Sentencias* del señor Lyons Villanueva. En esta, se determinó que la pena del recurrente por el delito de agresión sexual se extingue el 9 de enero de 2027 y, a su vez, que la condena por los delitos por violación a la Ley de Armas se cumple el 15 de enero de 2030. Asimismo, se estableció que el delito de agresión sexual no tiene un cómputo mínimo, ya que no cualifica para bonificaciones, por lo que debía cumplirse la pena en su totalidad. Por otro lado, la pena por violación a la Ley de Armas, el mínimo para ser elegible, luego de adjudicadas las bonificaciones, se cumple el 15 de mayo de 2028 y el máximo el 18 de noviembre de 2029.

El 1 de octubre de 2025, el señor Lyons Villanueva presentó una *Solicitud de Remedio Administrativo* ante la División. Mediante dicho petitorio, el recurrente solicitó la revisión de la *Hoja de Control sobre Liquidación de Sentencias*. Expresó su desacuerdo con el cómputo realizado sobre el cumplimiento mínimo (con bonificaciones) y el máximo de su pena.

El 23 de octubre de 2025, notificada el 28 de octubre, la División emitió una respuesta a la solicitud de remedio administrativo. Arguyó que la determinación se emitió conforme a las disposiciones de la ley. Asimismo, el foro administrativo, en referencia a la Carta Circular 2023-02 del 11 de octubre de 2023 y la Ley núm. 85-2022, *infra*, indicó lo siguiente:

> Los delitos cumplidos en su totalidad permanecerán en la nueva "Hoja de Control sobre Liquidación de Sentencias". Por ejemplo, en los casos de asesinato en primer grado cometidos con armas, se computarán en primer orden el asesinato en primer grado con el mínimo establecido, beneficiándolo del tiempo en reclusión preventiva. Luego, se incluirán y computarán los demás delitos de la sentencia, incluyendo los de armas.
>
> Posterior a esto, la Ley 85 tuvo una enmienda en el 2024 donde especifica que los delitos conducta sexual

no serán beneficiados de la Junta de Libertad Baja Palabra. Donde se computa en primer lugar el delito excluyente, en su caso el Artículo 142 del Código Penal y posterior los demás delitos con el mínimo comenzando a cumplir cuando extinga la pena excluyente. Su caso fue trabajado conforme a las disposiciones establecidas por ley. Se estaría entrevistando para aclarar cualquier otra duda. …

En desacuerdo con la referida respuesta, el 3 de noviembre de 2025, el recurrente presentó un escrito en reconsideración. Arguyó que no estaba de acuerdo con lo establecido debido a que, a su entender, la pena por el delito de armas ya había sido cumplida y, por lo tanto, debía ser eliminado de la *Hoja de Control sobre Liquidación de Sentencia*. A su vez, expuso que la Carta Circular 2023-02 y la referida Ley núm. 85, *infra*, no le eran de aplicabilidad toda vez que no se podían aplicar retroactivamente por virtud del principio de favorabilidad.

El 19 de noviembre de 2025, notificada el 8 de diciembre siguiente, la División emitió la *Respuesta de Reconsideración al Miembro de la Población Correccional*. Mediante esta, se determinó acoger la solicitud de reconsideración. Sin embargo, esta decisión fue tomada por la agencia, habiendo transcurrido el término de quince (15) que dispone la la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), Ley núm. 38-2017, 3 LPRA sec. 9655, para que la agencia se expresara sobre acogerla o rechazarla de plano.

Así pues, al haber transcurrido el término de la agencia para acoger o denegar la reconsideración, se entiende que fue rechazada de plano. Por lo que, el recurrente acudió oportunamente ante este foro intermedio imputándole a la agencia haber incurrido en los siguientes errores:

ERRÓ EL ESTADO, EL DEPARTAMENTO DE CORRECCIÓN, DIVI[S]IÓN DE RÉCORDS, SEÑORA NAOMI GILBES AL APLICARME LA LEY 85 Y SUS ENMIENDAS DEL HOY RECURRENTE, DE MANERA RETROACTIVAMENTE EL ESTATUTO DE UNA LEY CIVIL, COMO LO ES LA LEY NÚMERO 85-2024, PARA PERJUDICAR LOS DERECHOS ADQUIRIDOS AL

AMPARO DE UNA LEGISLACIÓN ANTERIOR, LEY NÚMERO 85, 2022.

ERRÓ EL ESTADO [Y] LA DIVI[S]IÓN DE RÉCORD AL AÑADIRME NUEVAMENTE LA LEY DE ARMAS, CUANDO YA ESTABA CUMPLIDA DE MANERA RETROACTIVAMENTE UN ESTATUTO DE LEY CIVIL O CRIMINAL, COMO LO ES LA LEY NÚM. 85, EL MISMO SE RELACIONA CON LOS DELITOS Y CONVICCIONES O SUS CONSECUENCIAS, Y HACE MÁS ONEROSA Y ALARGA LAS PENAS QUE HAN DE CUMPLIRSE, QUE LA LEY ANTERIOR, ESTO TIENE EL EFECTO INEQUIVOCADO DE PERJUDICARLO. SU APLICACIÓN RESULTA EN UNA INCONSTITUCIONALIDAD PROHIBIDA POR LA CONSTITUCIÓN.

ERRÓ EL ESTADO [Y] LA DIVI[S]IÓN DE REMEDIOS ADMINISTRATIVOS DE NO RESOLVER LA SITUACIÓN, YA QUE TRABAJAN CON DIVISIÓN LEGAL Y PERMITIÓ QUE EL ÁREA DE RÉCORD CONTESTARA ALGO QUE ES CONTRA LA LEY Y PERJUDICIAL.

ERRÓ LA DIVI[S]IÓN DE RÉCORD AL PONERME EN LA NUEVA TABLA DE SENTENCIA A CUMPLIR NUEVAMENTE LA LEY DE ARMAS, CON UN NUEVO MÍNIMO Y NO TAN SÓLO UN NUEVO MÍNIMO, TAMBIÉN ESTÁN ALARGÁNDOME LA SENTENCIA, YA QUE EL NUEVO CÓDIGO PENAL DICTA QUE SE HARÁ UN 75 POR CIENTO DE LA SENTENCIA PARA EL MÍNIMO Y SI SUMAN MI SENTENCIA DEL 10 DE DICIEMBRE DE 2008 [H]ASTA EL PRESENTE, HOY PASA DEL 75 POR CIENTO DE LA SENTENCIA PORQUE SON 22 AÑOS Y 6 DÍAS QUE ME DIERON. AHORA ME ESTÁN HACIENDO CUMPLIR CASI EL 100 POR CIENTO DE MI SENTENCIA.

ERRÓ LA DIVI[S]IÓN DE RÉCORD AL NO VERIFICAR BIEN EL EXPEDIENTE, EL CUAL YO LLEVO VIENDO LA JUNTA DESDE EL 2022 Y RECIENTEMENTE EL HONORABLE TRIBUNAL DICTÓ SENTENCIA EL 7 DE OCTUBRE DE 2025, TA2025RA00194, VÉASE EL CASO, ENTONCES CÓMO VOY A TENER UN MÍNIMO CUANDO AHORA MISMO ESTOY EN UN PROCESO CON LA JUNTA [DE] LIBERTAD BAJO PALABRA.

ERRÓ A *(SIC)* LA DIVI[S]IÓN DE RÉCORD [AL] CONTESTAR EN UN REMEDIO QUE LOS DELITOS CUMPLIDOS EN SU TOTALIDAD PERMANECERÁN EN LA NUEVA "HOJA DE CONTROL SOBRE LIQUIDACIÓN DE SENTENCIA["]. VÉASE ANEJO 2, CUANDO YO LE MENCIONÉ ESTO, ES CONTRARIO A LA LEY, ENTONCES ELLOS ME PONEN LA LEY DE ARMAS POR LA LEY 85, UNA CONTRARIO DERECHO.

ERRÓ LA DIVI[S]IÓN DE RÉCORD AL IMPLANTAR UNA NORMA O REGLAMENTO QUE NO EXISTE EN LA LEY NÚM. 85-2022, CREADA NI EN LAS ENMIENDAS DE LA LEY 85-2024, QUE DICTA QUE UN DELITO CUMPLIDO HAY QUE REVIVIRLO PONERLO NUEVAMENTE A CUMPLIR. NO EXISTE EN LA LEY. LA LEY ES CLARA NO PUEDE SER CASTIGADO DOS VECES POR EL MISMO DELITO. DE HACERLO VIOLA EL DEBIDO PROCEDIMIENTO, Y POR ENDE, ES ANALOGÍA.

ERRÓ A *(SIC)* LA DIVI[S]IÓN DE RÉCORD AL DETERMINAR EN UN REMEDIO ADMINISTRATIVO, BAJO JUICIO DE FALSEDAD QUE LA CARTA CIRCULAR 2023-02 DEL 11 DE OCTUBRE DE 2023, EN EL INCISO NÚMERO 12, Y CITÓ LOS DELITOS CUMPLIDOS EN SU TOTALIDAD, PERMANECERÁN EN LA NUEVA HOJA DE CONTROL SOBRE LIQUIDACIÓN DE SENTENCIA, ES CONTRARIO. ANTERIOR A ESE INCISO, EL 7 DICTA [QUE] TODO DELITO CUMPLIDO EN SU TOTALIDAD MÁXIMO Y MÍNIMO SERÁ ELIMINADO DE LA HOJA DE LIQUIDACIÓN DE SENTENCIA. VÉASE CARTA CIRCULAR NÚM. 2023-02 Y SUS ENMIENDAS.

El 12 de diciembre de 2025, emitimos una *Resolución* ordenando al Departamento de Corrección y Rehabilitación (DCR) a proveer copia del expediente administrativo, en el término de cinco (5) días. Asimismo, le concedimos hasta el 16 de enero de 2026 para expresarse. El 19 de diciembre de 2025 el DCR cumplió con lo ordenado, por lo que nos damos por cumplidos y el 7 de enero de 2026, presentó su alegato. Así, nos damos por cumplidos respecto a la oposición y, a su vez, decretamos perfeccionado el recurso.[1]

Analizados los escritos de las partes y el expediente apelativo, así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**Revisión judicial de las decisiones administrativas**

La revisión judicial de las decisiones administrativas tiene como fin primordial limitar la discreción de las agencias y asegurarse que estas desempeñen sus funciones conforme a la ley. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 891-892 (2008). En el ámbito administrativo, los tribunales apelativos deben conceder una gran deferencia a las decisiones emitidas por las agencias debido a la vasta experiencia y conocimiento especializado en los asuntos que les han sido encomendados. *Asoc. Fcias. v. Caribe*

---

[1] El 16 de enero de 2026 el recurrente presentó un escrito intitulado *Moción en Solicitud de Añadir Prueba al Expediente.* Además, el 26 del mismo mes y año, instó una *Moción de Réplica Radicado de Parte de la Procuradora General Auxiliar Sra. Sylvia Roger Stefani.* **Sobre estos escritos, se tienen por no puestos y no se admiten de conformidad con la Regla 38 (B) de nuestro Reglamento, según enmendado,** *In re Aprob. Enmdas. Reglamento TA*, **2025 TSPR 42, pág. 61, 215 DPR ___, (2025).**

*Specialty et al. II.*, 179 DPR 923, 940 (2010).[2]

No obstante, esta deferencia reconocida a las decisiones de las agencias administrativas habrá de ceder, solamente, cuando la misma no esté basada en evidencia sustancial, cuando la agencia erró en la aplicación de la ley y cuando su actuación resulte ser una arbitraria, irrazonable o ilegal. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, a la pág. 822 (2012). Por consiguiente, la revisión judicial de una decisión administrativa se circunscribe a analizar: (1) si el remedio concedido fue razonable; (2) si las determinaciones están sostenidas con evidencia sustancial; y (3) si erró la agencia al aplicar la ley. *Asoc. Fcias. v. Caribe Specialty et al. II*, *supra*, a la pág. 940.

En este ejercicio, nuestro más alto foro ha sido enfático en que las determinaciones de hechos de organismos y agencias públicas tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca suficiente evidencia para derrotarla. *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006). Quien las impugne tiene el deber insoslayable, para prevalecer, de presentar ante el foro judicial la evidencia necesaria que permita, como cuestión de derecho, descartar la presunción de corrección de la determinación administrativa. El peso de la prueba descansa entonces sobre la parte que impugna la determinación administrativa. *Íd.*

Como corolario a lo anterior, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), Ley núm. 38-2017, 3 LPRA sec. 9675, dispone que las determinaciones de hechos realizadas, por una agencia administrativa, serán sostenidas por el tribunal revisor si se encuentran respaldadas por evidencia suficiente que surja del

---

[2] Véanse, también, *Martínez v. Rosado*, 165 DPR 582, 589, (2005); *Otero v. Toyota*, 163 DPR 716, 727 (2003).

expediente administrativo al ser considerado en su totalidad. *Pacheco v. Estancias,* 160 DPR 409, 432 (2003). De modo que, la parte afectada, deberá reducir el valor de la evidencia impugnada o demostrar la existencia de otra prueba que sostenga que la actuación del ente administrativo no estuvo basada en evidencia sustancial. *Otero v. Toyota,* 163 DPR 716, 728 (2005). En consecuencia, nuestra función se circunscribe a considerar si la determinación de la agencia es razonable, ya que se persigue evitar que el tribunal revisor sustituya el criterio de la agencia por el suyo. *Íd.*

Por otro lado, las conclusiones de derecho son revisables en toda su extensión. Sección 4.5, Ley núm. 38-2017, *supra.* Sin embargo, ello "no implica que los tribunales revisores tienen la libertad absoluta de descartar libremente las conclusiones e interpretaciones de la agencia." *Otero v. Toyota,* supra, a la pág. 729. Cuando un tribunal llega a un resultado distinto, este debe determinar si la divergencia es a consecuencia de un ejercicio razonable y fundamentado de la discreción administrativa, ya sea por la pericia, por consideraciones de política pública o en la apreciación de la prueba. *Íd.*

En conclusión, el tribunal solo podrá sustituir el criterio de la agencia por el propio cuando no pueda encontrar una base racional para explicar la determinación administrativa. *Hernández, Álvarez v. Centro Unido,* 168 DPR 592, 616 (2006), citando a *Otero v. Toyota,* supra.

**La Junta de Libertad Bajo Palabra**

Mediante la Ley núm. 118 de 22 de julio de 1974, conocida como la *Ley de la Junta de Libertad Bajo Palabra,* (Ley núm. 118), 4 LPRA sec. 1501 *et seq.,* según enmendada, se creó la Junta de Libertad Bajo Palabra (JLBP). Esta está adscrita al Departamento de Corrección y Rehabilitación, según establece su Artículo 1, 4 LPRA

sec. 1501. Dicha entidad, posee autoridad para "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico". Artículo 3 de la Ley núm. 118, 4 LPRA sec. 1503. "La libertad bajo palabra será decretada para el mejor interés de la sociedad y cuando las circunstancias presentes permitan a la Junta creer, con razonable certeza que tal medida habrá de ayudar a la rehabilitación del delincuente". *Íd.* De esta forma, se permite que una persona convicta y sentenciada a un término de reclusión cumpla la última parte de su sentencia fuera de la institución penal, "sujeto al cumplimiento de las condiciones que se impongan para conceder la libertad". *Maldonado Elías v. González Rivera*, 118 DPR 260, 275 (1987).

Ahora bien, "el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la Junta". *Quiles v. Del Valle*, 167 DPR 458, 475 (2006). El **mencionado privilegio** será concedido siempre y cuando el convicto "muestre un alto grado de rehabilitación y que no represente un riesgo a la sociedad". Artículo 3(c) de la Ley núm. 118, *supra*, 4 LPRA sec. 1503c.[3] Por consiguiente, la Junta posee discreción para decretar la libertad bajo palabra de cualquier persona recluida en las instituciones penales de Puerto Rico, **siempre que no se trate de los delitos excluidos de dicho beneficio**, y que la persona haya cumplido el término mínimo de la sentencia dispuesto por dicha ley. Artículo 3 de la Ley núm. 118; *Toro Ruiz v. J.L.B.P. y otros*, 134 DPR 161, a la pág. 166 (1993). Así, por tratarse de un privilegio, la Junta tendrá facultad para concederlo, tomando en consideración ciertos factores que establece dicha ley en su Artículo 3(d), *supra*, 4 LPRA sec. 1503d.

---

[3] Énfasis nuestro.

La Ley núm. 85 del 11 de octubre de 2022 enmendó la Ley núm. 118 para establecer una manera justa, retributiva y rehabilitadora, que le permita a aquella persona convicta por varios delitos el poder ser considerada para libertad bajo palabra al cumplir con los términos de la sentencia más onerosa relacionada directamente con alguno de los delitos por los cuales fue encontrado culpable. *Exposición de Motivos* de la Ley núm. 85-2022.

La Sección 1 de la Ley núm. 85-2022 enmendó el Artículo 308 de la Ley núm. 146-2012, 33 LPRA sec. 5416, conocida como el **Código Penal de Puerto Rico (2012)**. A su vez, y en lo aquí pertinente, la Sección 2 del estatuto también enmendó el Artículo 3 de la Ley núm. 118 para enumerar los delitos excluidos del cómputo jurisdiccional para cualificar ante la consideración de la JLBP incluyendo el de Agresión Sexual.

Asimismo, y en lo que nos concierne, mediante la Ley núm. 85 de 28 de mayo de 2024 (Ley núm. 85-2024) se enmendó:

> [...] el Artículo 308 de la Ley 146-2012, según enmendada, conocida como "Código Penal de Puerto Rico" y el Artículo 3 de la Ley Núm. 118 de 22 de julio de 1974, según enmendada, conocida como "Junta de Libertad Bajo Palabra", a los fines de reafirmar que las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, **secuestro**, **secuestro agravado** y pornografía infantil, **incluyendo sus tentativas**, no podrán beneficiarse de privilegio de libertad bajo palabra y otras consideraciones, **indistintamente de la fecha de la comisión del acto delictivo ni el código penal** o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012. Además, esta iniciativa aclara que **la Ley 85-2022 no aplicará retroactivamente** a las personas convictas por estas actuaciones delictivas y dispone que el referido estatuto no surtirá efecto en el cálculo de su sentencia. [Énfasis nuestro]. *Exposición de Motivos* de la Ley núm. 85-2024.

En consecuencia, el Artículo 3 de la Ley núm. 118 intitulado *Cláusula de Exclusión de Jurisdicción de la Junta de Libertad Bajo Palabra*, lee como sigue:

> La Junta no tendrá jurisdicción para atender los casos de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía,

incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.

La Ley 85-2022 no aplicará retroactivamente a las personas convictas por estas actuaciones delictivas, conforme a la clara intención de la Decimonovena Asamblea Legislativa de no extender este privilegio a los ofensores de la ley descritos en el párrafo anterior.

La Ley 85-2022 no surtirá efecto en el cálculo de la sentencia de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.

Los participantes que ya estén disfrutando del privilegio de libertad bajo palabra por la comisión de los delitos dispuestos en esta Ley y que sean revocados con posterioridad a su aprobación, no se les concederá nuevamente este privilegio.

Las personas que al momento de la aprobación de esta Ley estén referidas bajo la consideración de la Junta de Libertad Bajo Palabra sin que haya una determinación final, no cualificarán para este privilegio, indistintamente de la etapa procesal en que se encuentre la referida solicitud. Sección 3 de la Ley núm. 85-2024.

Por otra parte, la Sección 4 de la Ley núm. 85-2024 dispone que la misma "entrará en vigor inmediatamente después de su aprobación y aplicará de **manera retroactiva**, independientemente del Código Penal o Ley Especial vigente al momento de los hechos delictivos." (Énfasis nuestro)

**Leyes *ex post facto***

El Artículo II, Sección 12 de nuestra Constitución contiene una prohibición expresa sobre la aprobación de leyes *ex post facto*. Const. PR, LPRA, Tomo 1; *González v. ELA*, supra, a la pág. 408. El más alto foro ha sido enfático en la existencia de cuatro (4) tipos de estatutos que consideran *ex post facto*, estos son las leyes que: "(1) criminalizan y castigan un acto que al ser realizado no era delito; (2) agravan un delito o lo hacen mayor de lo que era al momento de ser

cometido; (3) alteran el castigo imponiendo una pena mayor que la fijada para el delito al momento de ser cometido, y (4) alteran las reglas de evidencia exigiendo menos prueba que la requerida por ley al momento de la comisión del delito para castigar al acusado o reduciendo el *quantum* de evidencia necesario para encontrarlo culpable." *Íd.*; *Pueblo v. Ferrer Maldonado*, 201 DPR 974, 990 (2019).[4]

Asimismo, esta cláusula constitucional garantiza que los estatutos provean al ciudadano una notificación adecuada de aquella conducta prohibida y sobre las consecuencias penales que conlleva realizar tal conducta. *González v. ELA*, supra, a la pág. 408. De igual manera, tiene como propósito "[p]rohibir la aplicación retroactiva de una ley que agrave para el acusado su relación con el delito, la oportunidad de defenderse y la forma de cumplir con una sentencia o su extensión". *Pueblo v. Ferrer Maldonado*, supra, a la pág. 991, citando a E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1992, págs. 545–549. Por ende, la protección constitucional contra leyes *ex post facto* únicamente se activa cuando se pretende aplicar una ley penal de manera retroactiva. *Pueblo v. Ferrer Maldonado*, supra, a la pág. 991; *González v. ELA*, supra, a las págs. 409-410. Es por lo que, como regla general, la Asamblea Legislativa no se encuentra impedida de aplicar retroactivamente leyes de carácter civil. *Pueblo v. Ferrer Maldonado*, supra, a la pág. 991; *González v. ELA*, supra, a la pág. 410.

**Principio de favorabilidad**

Como es sabido, en el ámbito penal opera el postulado básico de que la ley que aplica a unos hechos delictivos es aquella vigente al momento de cometerse el delito. *Pueblo v. Rexach Benítez*, 130

---

[4] Véase, además, *Pueblo en interés menor FRF,* 133 DPR 172 (1993).

DPR 273, 301 (1992). El principio de favorabilidad se activa <u>cuando una ley posterior es más beneficiosa</u> para el acusado o confinado, salvo que exista una cláusula de reserva que impida su extensión retroactiva. *Pueblo v. González*, 165 DPR 675, 685 (2005).

Este principio de favorabilidad establece en términos generales que la ley penal tiene efecto retroactivo en lo que favorezca a la persona imputada de delito. Sin embargo, el principio de favorabilidad no tiene rango constitucional, quedando la aplicación retroactiva de las leyes penales que favorezcan al acusado dentro de la prerrogativa total del legislador. *Pueblo v. González*, supra, a la pág. 686. Por ende, la única limitación a esta disposición es que la ley posterior más favorable contenga una cláusula de reserva. Nevares Muñiz, *Código Penal de Puerto Rico Comentado por Dora Nevares-Muñiz* (2012), en la pág. 10.

**Cláusula de Reserva**

Mediante la incorporación de las cláusulas de reserva en leyes especiales se ha advertido la intención del legislador de imponer limitaciones al principio de favorabilidad. *Pueblo v. González*, supra, a las págs. 698-699 (2005); D. Nevares-Muñiz, *Derecho Penal Puertorriqueño*, 7ma ed. Rev., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2015, pág. 102. De este modo, el Tribunal Supremo ha reconocido también la validez de lo que pueda establecer una cláusula de reserva contenida en una ley penal especial en cuanto a su aplicación retroactiva. [...] *Por consiguiente, es razonable concluir que en nuestra jurisdicción la aprobación de cláusulas de reserva opera como una limitación al principio de favorabilidad; principio que, al carecer de rango constitucional, está dentro de la prerrogativa absoluta del legislador. Pueblo v. González*, supra, a las págs. 701-702. [Itálico en el original].

**III.**

En esencia, en el primer error el recurrente señaló que la JLBP erró al aplicar la Ley núm. 85-2024 retroactivamente en violación a la cláusula constitucional que prohíbe la aprobación de leyes *ex post facto* y; por ende, considera inconstitucional la aplicación de la prohibición de bonificar por considerar que hace más onerosa y alarga su sentencia.

Según indicamos, para determinar la aplicabilidad de la prohibición constitucional de leyes *ex post facto* se requiere analizar si el estatuto: (1) criminaliza y castiga un acto que al ser realizado no era delito; (2) si agrava un delito o lo hace mayor de lo que era al momento de ser cometido; (3) si altera el castigo imponiendo una pena mayor que la fijada para el delito al momento de ser cometido, y (4) si altera las reglas de evidencia exigiendo menos prueba que la requerida por ley al momento de la comisión del delito para castigar al acusado o reduciendo el *quantum* de evidencia necesario para encontrarlo culpable.

Respecto a lo anterior, de entrada, es preciso advertir que la Ley núm. 85-2024 **no es una ley penal,** ni es punitiva y menos aún, penaliza una nueva conducta criminal. Consecuentemente, este estatuto no cualifica bajo ninguno de los cuatro criterios de análisis que se consideran contrarios a nuestra cláusula constitucional *ex post facto*. Por otra parte, el beneficio de la libertad bajo palabra **no es un derecho reclamable**, **sino un privilegio** cuya concesión y administración recae en el tribunal o en la JLBP que está adscrita al Departamento de Corrección y Rehabilitación, según establece el Artículo 1, 4 LPRA sec. 1501, de la Ley núm. 118, *supra*.

De otro lado, respecto a la Ley núm. 85-2024, en su *Exposición de Motivos*, la Asamblea Legislativa señaló que "[e]s imperativo, poder atemperar esta ley a los tiempos que vivimos, donde los casos de esta índole cada día son más notorios y a su vez, atroces."

Además, como citamos, dicha legislación claramente establece que "... las personas convictas por los delitos de agresión sexual en todas sus modalidades, incluyendo la tentativa, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012."

Como es sabido, es un principio reiterado que cuando la ley es clara y libre de ambigüedad, se respetará su letra. En virtud de dicho mandato, cuando el legislador se ha manifestado en lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa. *Romero Barceló v. E.L.A.*, 169 DPR 460, a las págs. 476-477 (2006); *Ortiz v. Mun. de San Juan*, 167 DPR 609, 617 (2006). Por tanto, es deber darle efecto a la intención expresada mediante la letra de la ley. *Íd.*

En conclusión, la enmienda realizada a la ley de la JLBP no criminaliza un delito, ni impone una pena mayor. Por tanto, su aplicación no violenta la cláusula constitucional aquí cuestionada. Apuntalamos que la ley en controversia es un **un privilegio**, **no un derecho,** otorgado por la propia Asamblea Legislativa, por ende, **está dentro de sus poderes determinar los parámetros y condiciones para su aplicabilidad y concesión**.

De igual manera, y como señalamos, el principio de favorabilidad se activa cuando una ley posterior es más beneficiosa para el acusado o confinado, salvo que exista una cláusula de reserva que impida su extensión retroactiva. En este caso, y como bien argumentó el Procurador General, el señor Lyons Villanueva no tiene derecho a la aplicación del nuevo cómputo del mínimo para elegibilidad al privilegio de libertad bajo palabra dispuesto en la Ley

núm. 85-2022[5]. Esto, debido a que expresamente en la Ley núm. 85-2024 se estableció **una Cláusula de Reserva,** la cual regula el campo de acción de la Junta de Libertad Bajo Palabra. Según, preceptúa el estatuto, **la Ley núm. 85-2022 no aplicará retroactivamente** a las personas convictas por las actuaciones delictivas especificadas, incluyendo delitos de conducta sexual y sus tentativas, como el de agresión sexual y, a su vez, dispone que el anterior estatuto no surtirá efecto en el cálculo de su sentencia. Sección 3 de la Ley núm. 85-2024. Excluyendo, así, a las personas convictas por delitos de abuso sexual de cualificar para el privilegio de Libertad Bajo Palabra.

En virtud de lo antedicho, reiteramos que el principio de favorabilidad no tiene rango constitucional, quedando la aplicación retroactiva de las leyes penales que favorezcan al acusado dentro de la prerrogativa total del legislador. Al respecto precisa señalar que, en la *Exposición de Motivos* de la Ley núm. 85-2024, la Asamblea Legislativa diáfanamente apuntaló que, aunque se reconoce el derecho a la rehabilitación, debe prevalecer la seguridad de las víctimas y que no se lacere su salud mental y la paz que le fueron arrebatadas.

Por último, no podemos obviar que, como expusimos, la Ley núm. 85-2024, en la Sección 4, indica que la misma "entrará en vigor inmediatamente después de su aprobación y aplicará de **manera retroactiva, independientemente del Código Penal o Ley Especial vigente al momento de los hechos delictivos."**

De otra parte, y respecto a los errores del 2 al 8, en los que el recurrente alega que se le añadió nuevamente los delitos de Ley de

---

[5] Como explicamos la Ley núm. 85-2022 enmendó el Artículo 308 del Código Penal de Puerto Rico, entre otras cosas, con el fin de establecer los términos para cualificar para la consideración de la Junta de Libertad Bajo Palabra y los actos delictivos excluidos de cualificación ante el ente evaluador. Destacamos, además, que el nuevo cómputo de la Ley núm. 85-2022 no existía al momento en que el recurrente cometió los actos por los que fue convicto.

Armas, cuando a su entender se encontraban extintos y que se le pretende alargar la pena, subrayamos que es un planteamiento incorrecto. En el documento objetado no se computan dos veces las penas de la Ley de Armas ni se alarga la condena. La pena del recurrente continúa siendo la misma por la que se le dictó *Sentencia* en el 2008, a saber: 19 años por el delito de Agresión Sexual (menos los 8 meses y 25 días de prisión preventiva) y 3 años y 6 días por los delitos por infringir la Ley de Armas.

Ahora bien, bajo el estado de derecho previo a la implantación de la Ley núm. 85-2022 y la Ley núm. 85-2024, tanto los delitos por la Ley de Armas como el de Agresión Sexual, cualificaban para el cómputo del máximo y el mínimo para ser considerados para Libertad Bajo Palabra. En virtud de ello, las *Hojas de Control sobre Liquidación de Sentencia* anteriores reflejaban los cómputos de los dos delitos, sin orden específico, e incluían los términos de máximo y mínimo para el delito de Agresión Sexual.

Ahora bien, con la aprobación de la Ley núm. 85-2022 y la Ley núm. 85-2024, como explicamos previamente, las personas convictas por el delito de Agresión Sexual fueron excluidos de este privilegio con aplicación retroactiva. De manera que el DCR, conforme con el nuevo estado de derecho, emitió una última *Hoja de Control sobre Liquidación de Sentencia* en la que eliminaba el mínimo para cualificar por el delito de Agresión Sexual y, por encontrarse excluido y ser el delito de pena mayor, corresponde computarlo en primer lugar. Así, pues, al ser excluido para ser referido a la JLBP el recurrente tiene que cumplir el término completo de la sentencia del delito de Agresión Sexual, y luego comenzar a cumplir los correspondientes a las penas de los restantes delitos por lo que fue convicto.

Al respecto, la Carta Circular 2023-02,[6] emitida el 11 de octubre de 2023 por la entonces Secretaria del DRC, al amparo de la Ley núm. 118, *supra*, establece que el delito de pena mayor se computará en primer orden y, posteriormente, los demás delitos, incluyendo los de armas. Ello, conforme a lo establecido por la Ley núm. 85-2022.

Así las cosas, y en base de la totalidad del expediente administrativo y el derecho aplicable, la determinación recurrida no fue una arbitraria, irrazonable ni ilegal. Por el contrario, la misma se ampara en el estado de derecho actual y los principios jurídicos antes explicados.

En consecuencia, los errores señalados por el recurrente no se cometieron.

**IV.**

Por los fundamentos previamente expuestos, procedemos a confirmar la determinación recurrida.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[6] Se expresa: *ASUNTO; PROCEDIMIENTO A SEGUIR PARA EL CUMPLIMIENTO DE LA LEY NÚM. 85 DE 2022.*